UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C25-5563-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in November 1985, has a high school education, and has worked as a cook.  AR 582, 743.  Plaintiff was last gainfully employed in 2007.  AR 626.

On August 3, 2010, Plaintiff applied for benefits, alleging disability as of December 31, 2008. AR 582.  After a hearing on April 14, 2012, Plaintiff's claim was denied.  AR 737.  He reapplied for benefits on May 22, 2013, alleging disability as of April 15, 2012.  AR 604.  This

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

application was denied on July 2, 2013.  AR 786.  On February 21, 2015, he applied again, alleging disability as of December 31, 2008.  AR 614.  This application was denied in a decision issued January 28, 2019, which Plaintiff did not appeal.  AR 933, 2764.

The application presently before the Court involves Plaintiff's application for benefits on March 15, 2019, again alleging disability as of December 31, 2008.  AR 638.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 19.  At the hearing, Plaintiff modified the alleged onset date of disability to February 20, 2019. *Id*.  After the ALJ conducted a hearing on June 29, 2021, the ALJ issued a decision finding Plaintiff not disabled.  *Id*.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the decision to this Court, and the parties stipulated to remand for further administrative proceedings.  AR 2886.  The same ALJ conducted a second hearing on June 12, 2024.  AR 2765.  The ALJ issued a new decision finding Plaintiff not disabled.  AR 2764-87.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Chavez**: Pursuant to Acquiescence Ruling 97-4(9) and *Chavez v. Bowen*, 844 F.2d 691(9th Cir. 1988), Plaintiff has rebutted the presumption of nondisability because there have been changes in the criteria for disability such as that regarding past relevant work.

**Step one**:  Plaintiff has not engaged in substantial gainful activity since February 20, 2019.

**Step two**:  Plaintiff has the following severe impairments: major depressive disorder, panic disorder with agoraphobia, post-traumatic stress disorder (PTSD), and opiate dependence.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: he could understand, remember, and apply short, simple instructions and perform routine and predictable tasks. Plaintiff could perform work which is not in a fast-paced production type environment. Plaintiff could make simple decisions with exposure to few and routine workplace changes. Plaintiff should have no interaction with the general public, and only occasional interaction with co-workers and supervisors but not in a team-oriented environment.

**Step four**: Plaintiff does not have past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 2764-87.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 8. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 5.

### LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747,

---

[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion evidence, his symptom testimony, and the lay witness evidence.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.     The ALJ Did Not Err in Evaluating Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  These findings must be supported by substantial evidence.  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues "a reasonable ALJ who properly evaluated the medical evidence . . . could have reached a different disability determination."  Dkt. 25 at 6.  Just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred.  *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original).  Nonetheless, the Court considers Plaintiff's arguments as presented.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

### 1.    Other Medical Evidence

Despite this Court's repeated admonishments of counsel,[3] and in contravention of the Court's scheduling order, Dkt. 12 at 2, Plaintiff's brief spends two pages summarizing the medical evidence in the case.  Dkt. 19 at 11-13.  Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments suffice to demonstrate harmful error.  *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues are presented for review."); *see also Putz v. Kijakazi*, No. 21-35733, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in this case, waived any points offered either through bare assertions of error or through lists of "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted").  Also, because "arguments not raised by a party in an opening brief are waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the Court herein considers only those arguments first raised "'specifically and distinctly'" in Plaintiff's opening brief.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoted source omitted).

### 2.    Margie Williams, PMHNP-BC

The ALJ considered Nurse Williams's opinion and found it unsupported and inconsistent with the overall medical record.  AR 2777-78.  Plaintiff argues that, contrary to the ALJ's

---

[3] *See, e.g., Joseph L.S.C. v. Comm'r of Soc. Sec.*, No. C23-5246-SKV, 2024 WL 4471778, at *4 (W.D. Wash. May 22, 2024) (warning the same counsel as the current case the his failure to adequately develop arguments may prejudice his clients and listing other cases where he was previously admonished); *Brian J.C. v. Comm'r of Soc. Sec.*, No. C24-5294-SKV, 2025 WL 1149711, at *6-7 (W.D. Wash. Apr. 18, 2025) (same); *Andrew H. v. Comm'r of Soc. Sec.*, No. C24-5967-SKV, 2025 WL 2930930, at *3 (W.D. Wash. Oct. 15, 2025) (same)

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

decision, Nurse Williams provided a "detailed, narrative discussion which supports her opinion about [Plaintiff's] limitations." Dkt. 19 at 4.

Nurse Williams opined that Plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, adapt to changes in a routine work setting, maintain appropriate behavior in a work setting, and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 3959-60. She further opined that "[v]ocational training or services could partially minimize or eliminate barriers to employment for the claimant. While these interventions may provide some support, they may not completely eliminate the challenges faced by the claimant in a work setting." AR 3960.

The ALJ sufficiently explained why he discounted this opinion. He reasonably found that Nurse Williams opinion that training or services could eliminate or minimize Plaintiff's symptoms was inconsistent with a disabling mental health condition. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). He further found the opinion unsupported. For example, though Nurse Williams opined that Plaintiff had a marked limitation in his ability to maintain appropriate behavior in a work setting, her exam showed he was appropriately dressed, he had normal speech, and he was cooperative with the exam. AR 3960-61. Plaintiff has not shown that this interpretation was unreasonable, and therefore the ALJ's interpretation of this evidence must be upheld. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision").

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

3.      *Terilee Wingate, Ph.D., and Dana Harmon, Ph.D.*

Plaintiff argues that the ALJ did not provide valid reasons to discount Dr. Wingate's opinion, which Dr. Harmon agreed with, and did not provide any reason to reject Dr. Wingate's opinion that he would struggle with maintaining regular attendance and completing a normal workweek. Dkt. 19 at 6-7.

Contrary to Plaintiff's argument, the ALJ provided sufficient reasoning to discount Dr. Wingate's opinion over eleven paragraphs of his decision. AR 2778-81. Dr. Wingate issued opinions in November 2016, October 2018, November 2020, and November 2022. *Id*. The ALJ considered the opinions of Dr. Wingate, which Dr. Harmon agreed with, and found each not persuasive as unsupported and inconsistent with the overall medical record. *Id*. As to the November 2016 opinion, the ALJ found that it was unpersuasive as it was issued two years prior to the alleged onset date of disability. AR 2781. This was a legitimate basis to discount the 2016 opinion. *See Carmickle v. Comm'r Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

When considering the 2018, 2020, and 2022 opinions, the ALJ found they were inconsistent with the overall medical record. AR 2779. For example, the ALJ found Dr. Wingate's 2018 and 2022 opinions were unsupported by the largely normal exam findings at that same appointment. AR 1765, 2779-80, 3432. While Plaintiff reported hallucinations to Dr. Wingate in 2020, AR 2303, that same month Plaintiff told other providers his hallucinations were in the context of drug use. AR 2343. The ALJ further discounted Dr. Wingate's opinions to the extent that they were checked boxes on a form unsupported by the narrative and exam portions of the findings. AR 2780-81. Lastly, contrary to Plaintiff's averment otherwise, the ALJ discounted Dr. Wingate's opinion that Plaintiff would struggle with maintaining regular

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

attendance and completing a normal workweek as contradicted by Plaintiff's ability to consistently attend therapy and doctors' appointments.  AR 2781.  Accordingly, the ALJ did not err in discounting Dr. Wingate and Dr. Harmon's opinions.

#### 4.    Sue Gosciewski, MA, LMHC, MHP

The ALJ considered LMHC Gosciewski's[4] 2021 and 2023 opinions and found them not persuasive as only somewhat supported and inconsistent with the overall treatment record.  AR 2781-82.  In her most recent opinion, LMHC Gosciewski opined that Plaintiff is unable to meet competitive standards in nearly all mental abilities and aptitudes needed to work.  AR 3787-88.  Plaintiff conclusorily argues that LMHC Gosciewski's "opinion is consistent with her own clinical findings and with the abnormal findings throughout the record."  Dkt. 19 at 8.

The ALJ properly found that LMHC Gosciewski's opinion was contradicted by the findings of the exams in the record, which showed greater ability than those she opined.  The ALJ found that the severity of LMHC Gosciewski's opinion was unsupported by her notes that Plaintiff "was alert, oriented, [had] clear speech, [and] good insight, with goal directed and logical thoughts[.]"  AR 2782 (citing AR 3785).  The ALJ additionally discounted LMHC Gosciewski's opinion that Plaintiff had a poor ability to ask simple questions or request assistance upon finding it was contradicted by his ability to attend appointments, report symptoms, obtain benefits, and request that providers complete paperwork.  AR 2782 (citing AR 2747, 3173, 3800).  Lastly, Plaintiff does not address the ALJ's finding that LMHC Gosciewski's notes indicated that Plaintiff's progress was impeded by his marijuana dependence, which she did not address in her opinion.  AR 2782 (citing AR 3467 ("Obstacles to achieving

---

[4] The ALJ refers to Sue Gosciewski as Sue Gusciewski in the decision.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

Measurable Outcome: Dependence on Substances (marijuana)")).  Accordingly, the ALJ did not err in discounting LMHC Gosciewski's opinion.

### 5. David Samson, M.D.

The ALJ considered the opinion of Dr. Samson and found it not persuasive as only somewhat supported and inconsistent with the overall record.  AR 2782-83.  Plaintiff generally argues that "none of the normal findings cited by the ALJ are actually inconsistent with Dr. Samson's opinion," Dkt. 19 at 9, but fails to engage with the ALJ's actual reasoning.  For example, the ALJ found Dr. Samson's opinion of Plaintiff's limitations in carrying out one or two step instructions was contradicted by exams conducted by psychologists which documented Plaintiff's ability to follow three-step instructions and complete other tasks on the exam.  AR 2783 (citing AR 3432).  It was reasonable of the ALJ to find these inconsistencies undermined the persuasiveness of Dr. Samson's opinion.

### 6. Patrick C. Gariety, M.D.

The ALJ considered the opinion of Dr. Gariety and found it not persuasive as inconsistent with the longitudinal medical record, which Dr. Gariety did not have an opportunity to review. AR 2783-84.  Dr. Gariety began seeing Plaintiff in 2022, and at the time of completing his opinion had seen Plaintiff eight times for medication management.  AR 3791.  Dr. Gariety said he was unable to opine on Plaintiff's functional abilities as that was outside of the scope of his knowledge.  AR 3797.  Plaintiff argues that the ALJ erred because "none of the normal findings cited by the ALJ are actually inconsistent with Dr. Gariety's opinion, and his opinion is consistent with his own abnormal clinical findings and the other abnormal findings throughout the record."  Dkt. 19 at 11. Yet it is unclear to the Court what portion of this opinion Plaintiff thinks the ALJ should have credited.  The ALJ did consider that Dr. Gariety opined as to mental

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

health symptoms and Plaintiff does not argue how he failed to incorporate those symptoms into the RFC. Accordingly, the ALJ did not err in his assessment of Dr. Gariety's opinion.

7.    *Jon Anderson, Ph.D., and Jan Lewis, Ph.D.*

The ALJ considered the opinions of Drs. Anderson and Lewis and found them somewhat persuasive, but included additional limitations based on evidence of record from after these opinions were issued. AR 2784-85. While an ALJ must explain why he rejects medical opinion evidence, no such requirement exists where the ALJ accepts medical opinion evidence. *See* 20 C.F.R. § 416.927; Social Security Ruling 96-8p (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (explaining that the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence).

Plaintiff makes much of the ALJ's statement that Drs. Lewis and Anderson's opinions were "not really consistent with any other opinions of record." Dkt. 19 at 13 (citing AR 2785). However, in the very next sentence the ALJ explains giving these opinions more weight despite the inconsistency with the other opinions in the record, because "these doctors had the opportunity to review much of the evidence of record to form a comprehensive opinion, they supported and explained their opinions, they have an understanding of our disability program's policies and evidentiary requirements, and the opinions are generally consistent with the overall evidence of record." AR 2785. The ALJ reasonably found these opinions consistent with the medical record available to them at the time of their review. Nor can Plaintiff show harmful error in the ALJ including more limitations than those opined to by Drs. Anderson and Lewis. Accordingly, the ALJ did not err in his assessment of the medical opinions.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

## B.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing" reasons supported by substantial evidence to discount a plaintiff's testimony. *Trevizo v. Berryhil*, 871 F.3d 664, 678 (9th Cir. 2017). That said, the ALJ need not believe every allegation, nor analyze testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified that he almost never leaves the home. AR 146, 2827-28. He has his groceries delivered and relies heavily on help from his mom. AR 2828. His mom takes him to medical appointments that he cannot attend on his phone. *Id*. There are times he leaves the house without his mom taking him to appointments, such as taking paratransit once a month to the methadone clinic, where he also receives counseling. AR 2828-29. He "very, very rarely" will go for walks in his neighborhood. AR 2829. He struggles to sleep through the night, usually waking up "every couple hours[.]" AR 2829-30. His night terrors have improved. AR 2833-34. He does not have any friends any more or socialize with anyone aside from his mother. AR 2830. He has frequent panic attacks that can last all day. AR 2831-32. He has been successful in managing his chemical dependency with the help of methadone but feels his mental health has worsened since becoming sober as he no longer has the drugs to "take away the feelings." AR 138-39. He feels he was self-medicating his anxiety with the drugs. AR 152. He is committed to maintaining his sobriety. AR 3833. As far as physical ailments, Plaintiff has pain in his left knee that is worse in the cold, wet, or when he needs to twist. AR 2831. He occasionally uses a brace to support the kneecap. *Id*.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

The ALJ considered Plaintiff's testimony and discounted it as contradicted by his relatively conservative treatment, including failure to follow doctors' recommendations, normal psychiatric findings, normal mental status exams, drug-seeking behavior, and inconsistent contemporaneous reports of his functioning.  AR 2774-78.

The Commissioner argues, in part, that the Court should affirm the ALJ's decision because the record contains affirmative evidence of malingering, which alone is enough to end appealable issues.  Dkt. 21 at 4.  However, the Court agrees with Plaintiff that this is *post hoc* rationale of evidence on which the ALJ did not rely.  *See* Dkt. 25 at 7.  While it is true that, at an emergency room visit in May 2009, doctors noted a diagnosis of "[p]olysubstance abuse with suspected **malingering** and secondary gain[,]" AR 1876 (emphasis in original), this note from nearly ten years prior to the alleged onset date of disability in this case, on which the ALJ did not rely, is not a relevant basis to affirm the ALJ's decision.

However, Plaintiff has not shown error in the reasons the ALJ did rely on to discount Plaintiff's testimony.  The ALJ found that Plaintiff engaged in conservative treatment in 2024, and that he failed to follow doctor's recommendations that he cease marijuana use.  AR 2775-77; *see also* AR 2108 ("Provided education on benefits of discontinuing cannabis use during session."), AR 1764 ("his attention problems and depression may be impacted by cannabis use.").  Conservative treatment is a legitimate reason to discount Plaintiff's testimony.  *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits.").

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12

The ALJ further discounted Plaintiff's testimony in part because of his drug-seeking behavior during the relevant period. AR 2777. This included refusal to see providers who would not prescribe benzodiazepines, AR 3162, trying to hide increases in medication from his doctors, AR 2318, doctors noting he "[s]eems to hop between providers, seeking out more medication[,]" AR 3761, and doctors noting "he is med seeking," AR 3584, during the relevant period. In October 2022, Plaintiff's urine drug screen came back positive for Benzodiazepines, Cannabinoids, and phencyclidine (PCP). AR 3205, 3228-29. The ALJ found that this positive drug test showed inconsistency in Plaintiff's self-reports because he contemporaneously said, "he has not done drugs in years, . . . does not know how his urine did not come back clean." AR 3210. Drug-seeking behavior can provide a clear and convincing reason to discount a plaintiff's testimony. *See Freeman v. Saul*, 785 Fed. Appx. 388 (9th Cir. Nov. 19, 2019) (affirming an ALJ's discounting a plaintiff's allegations because she "lied to the ALJ and her treatment providers about her illegal drug use").

If the ALJ relied on any erroneous reasons to discount Plaintiff's testimony, the reasons he did provide are sufficient to render any error harmless. *See Carmickle,* 533 F.3d at 1162 (reasoning that error in relying on improper reasons to discredit claimant testimony was harmless because substantial evidence supported the ALJ's reasoning and credibility determination). It was reasonable of the ALJ to discount Plaintiff's testimony.

## C.     The ALJ Did Not Err in Evaluating Lay Witness Evidence

The ALJ considered the third-party report completed by Plaintiff's mother, D.T. AR 2785. The ALJ determined that this report was consistent with Plaintiff's subjective symptom reports, which he reasonably discounted as explained above. AR 2785. He further explained

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 13

that they were not consistent with the medical evidence for the same reasons he discounted Plaintiff's testimony.  AR 2785.  This is a germane reason for discounting D.T.'s testimony.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 6th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 14